11th Court of Appeals
Eastland, Texas
Opinion
 
Michael Ray Manning
            Appellant
Vs.                  No. 11-03-00018-CR -- Appeal from Dallas County
State of Texas
            Appellee
 
            The jury convicted Michael Ray Manning of the offense of murder and assessed his
punishment at confinement for 80 years. We affirm. 
            In his sole point of error, appellant contends that the trial court erred by admitting DNA
evidence over appellant’s objection that the probative value of the evidence was substantially
outweighed by the danger of unfair prejudice. See TEX.R.EVID. 403. A trial court has broad
discretion in ruling on the admissibility of evidence. Salazar v. State, 38 S.W.3d 141, 151
(Tex.Cr.App.), cert. den’d, 534 U.S. 855 (2001); Weatherred v. State, 15 S.W.3d 540, 542
(Tex.Cr.App.2000). As such, we will not disturb the trial court’s ruling as long as it was within the
zone of reasonable disagreement. Salazar v. State, supra; Weatherred v. State, supra; Montgomery
v. State, 810 S.W.2d 372, 391 (Tex.Cr.App.1991). 
            In this case, the evidence that appellant objected to was DNA evidence presented by Dr.
Evelyn Ridgley, a forensic biologist. Dr. Ridgley testified that she performed DNA analysis on items
submitted in this case, including a sample from the victim, a sample from appellant, a cigar butt, and
a biological swabbing from the handle of the victim’s car door. She testified that she was not able
to obtain a DNA profile from the cigar butt but that she was able to develop a DNA profile from the
door-handle swabbing even though the sample was of poor quality because it was a degraded sample
that came from skin cells. A mixture of DNA was found in that swabbing. Dr. Ridgley testified that,
in the sample, she observed the genetic marker standards from appellant, from the victim, and from
a third person. Dr. Ridgley was only able to conclude that both appellant and the victim were
“possible contributors to the mixture.” Statistically, the probability that a random Caucasian
individual would be included as a possible contributor was one in six. The probability that a random
African-American or a random Hispanic individual would be included as a possible contributor was
one in four. Appellant’s attorney conducted an extensive cross-examination of Dr. Ridgley
concerning the fact that she was not testifying that appellant’s DNA was found in the swabbing but
only that appellant, as well as one in four African-Americans or Hispanics and one in six Caucasians,
was a possible contributor. During cross-examination, Dr. Ridgley admitted that DNA analysis in
some cases can statistically show a probability of one in several billion. 
            We hold that the trial court did not abuse its discretion in admitting Dr. Ridgley’s testimony. 
Although the evidence may not have been overly probative, its probative value was not “substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.” Rule
403; see Montgomery v. State, supra. The statistical probabilities, or the lack thereof, in the DNA
analysis were explained to the jury. The evidence was not unfairly prejudicial. 
            Moreover, any error in admitting the DNA evidence was harmless under the circumstances
of this case because the error, if any, did not affect appellant’s substantial rights. See TEX.R.APP.P.
44.2(b). The DNA evidence was weak whereas other evidence showing appellant’s guilt was
substantial. The record shows that two eyewitnesses – one of whom was a friend of the victim and
the other an acquaintance of appellant – testified that they saw appellant shoot the victim. The
victim and his friend, both transsexuals, had met appellant and his friend earlier that evening. All
four were in the car together. As the victim was driving down the road, appellant suddenly and
without any warning pulled out a gun and shot the victim in the head. Appellant’s sole point of error
is overruled. 
            The judgment of the trial court is affirmed. 
 
                                                                                                PER CURIAM
January 22, 2004
Do not publish. See TEX.R.APP.P. 47.2(b). 
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.